**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLEKSANDR V.M., | No. 1:25-cv-01431 JLT EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENT'S MOTION TO DISMISS, DIRECTING RESPONDENT TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX FACILITY, | |
| Respondent. | |
| | (Docs. 1, 12, 25) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 27, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondent's motion to dismiss the petition be denied, and Respondent be directed to provide Petitioner with a bond hearing before an immigration judge. (Doc. 25.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.* at 16.) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 17 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) To date, no objections have been filed, and the time for

doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. As the findings and recommendations acknowledge, courts in this District have applied a range of tests to evaluate whether prolonged mandatory detention has become unconstitutional. (Doc. 25 at 9–10.) Though the undersigned has determined that the so-called *Lopez* test applies under related circumstances in *Loba L.M. v. Andrews*, No. 1:25-CV-00611 JLT SAB (HC), 2025 WL 3187577, at *2 n. 2 (E.D. Cal. Nov. 14, 2025) (requiring bond hearing for 1226(c) detainee after 22 months), the magistrate judge concluded that the record was insufficient to evaluate the *Lopez* factors here. (Doc. 25 at 10 n.6.)[1] Thus, the findings and recommendations focused on the alternative, *Mathews* test. (Id. at 11–14.) The conclusion of the findings—that a bond hearing should be afforded to Petitioner under the circumstances—is unopposed and is supported by the record. Thus, the Court **ORDERS**:

1.  The findings and recommendations issued on January 27, 2026 (Doc. 25) are **ADOPTED IN FULL**.

2.  The petition for writ of habeas corpus is **GRANTED**.[2]

3.  Respondent's motion to dismiss the petition (Doc. 12) is **DENIED**.

4.  **Within 30 days** of the date of service of this order, Respondent is **DIRECTED** to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the

---

[1] Respondents, for example, suggest that Petitioner's now 10-month detention "has been prolonged at least in part due to his own actions" because he is "seeking asylum and other forms of relief from removal." (Doc. 12 at 6.) *Navarrete-Leiva v. Current or Acting U.S. Att'y Gen.*, No. 1:24-CV-00938-SKO (HC), 2024 WL 5111780, at *4 (E.D. Cal. Dec. 13, 2024)

[2] In the event a notice of appeal is filed, a certificate of appealability is not required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997).

immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

    5.   The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 24, 2026**

UNITED STATES DISTRICT JUDGE